NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re:  ARNES BECIROVIC,**
*Appellant*

2022-1353

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 88671022.

Before PROST, REYNA, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

## O R D E R

Having considered the United States Patent and Trademark Office (PTO)'s "Notice of Non-Filing of Certified List Due to Lack of Jurisdiction," ECF No. 14, and appellant's response to that notice, ECF No. 19,[1] this court dismisses this appeal for lack of jurisdiction.

On July 23, 2021, the Trademark Trial and Appeal Board affirmed the examiner's refusal to register the mark in Signa ES Karim Omega LLC's application.  Signa ES

---

[1]    Arnes Becirovic appears to be the executive officer of Signa ES Karim Omega LLC, the named applicant in this matter.

petitioned the Director of the PTO for reconsideration.  On November 18, 2021, the PTO issued a petition decision forwarding the request to the Board.[2]  The PTO informs the court that the request remains pending.  On December 27, 2021, appellant filed this appeal.

Under 28 U.S.C. § 1295(a)(4)(B), this court has "exclusive jurisdiction" over "an appeal from a decision of" the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office or the Trademark Trial and Appeal Board with respect to applications for registration of marks and other proceedings as provided in section 21 of the Trademark Act of 1946 (15 U.S.C. 1071)."

There is no final decision by the Board or the Director for purposes of judicial review at present.  The timely filing of a request for reconsideration of the Board's July 2021 decision rendered that decision "nonfinal for purposes of judicial review."  *Odyssey Logistics & Tech. Corp. v. Iancu*, 959 F.3d 1104, 1109 (Fed. Cir. 2020) (quoting *Stone v. INS*, 514 U.S. 386, 392 (1995)).  The November 2021 decision of the PTO is likewise not a final action.  That decision merely referred the reconsideration request to the Board, which hardly "mark[s] the consummation of the agency's decisionmaking process."  *Odyssey*, 959 F.3d at 1109 (quoting *Smith v. Berryhill*, 139 S. Ct. 1765, 1775–76 (2019)) (alteration in original).

Accordingly,

---

[2]    The PTO's decision initially stated that the Director did not have authority to review final Board decisions. On February 18, 2022, the PTO issued a corrected petition decision clarifying that the rules do not authorize reconsideration requests to be made through petitions.

IN RE: BECIROVIC                                                          3

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

April 5, 2022                        /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court